# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### October 16, 2001 Session

## STATE OF TENNESSEE v. TIMOTHY ALLEN MOORE

### Appeal from the Circuit Court for Humphreys County
### No. 9776    Allen W. Wallace, Judge

———————————

### No. M2000-02933-CCA-R3-CD - Filed January 11, 2002

———————————

The Defendant, Timothy Allen Moore, pled guilty to two counts of aggravated robbery, a Class B felony. The trial court subsequently sentenced the Defendant as a Range I standard offender to the minimum sentence of eight years on each count. The trial court ran the sentences concurrently to each other, but consecutively to a sentence the Defendant had received in another county. In this appeal as of right, the Defendant challenges the trial court's imposition of consecutive sentences. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JERRY L. SMITH, JJ., joined.

Daniel J. Taylor, Jackson, Tennessee, for the appellant, Timothy Allen Moore.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; Dan Alsobrooks, District Attorney General; and Lisa D. Donegan, Assistant District Attorney, for the appellee, State of Tennessee.

**OPINION**

The Defendant committed the instant crimes on January 7th and January 13th, 2000. The proof at the sentencing hearing established that the Defendant had no convictions prior to his arrest on January 14, 2000. However, the presentence report admitted into evidence at the hearing provides that, at the time the report was made, the Defendant had "pending charges in Williamson County and Madison County all of a similar nature and occurring in the month of January, 2000." Although defense counsel pointed out an incorrect birthdate in the presentence report, counsel did not object to the information about other pending charges. Moreover, defense counsel stated during the hearing that the Defendant had already been convicted and sentenced for an offense committed in Dickson County which was committed after the instant offenses. The Defendant was sentenced as a Range I offender to nine years for the conviction in Dickson County.

The instant aggravated robberies were committed by the Defendant and two co-defendants, and each robbery involved a gun. The Defendant testified at his guilty plea hearing that he drove the "getaway" car in each instance. At the time of sentencing, the Defendant was twenty-three years old, was a high school graduate, and had a somewhat unstable employment history. He also had an admitted history of frequent and heavy illegal drug use since the age of fourteen. His mother, aunt and grandmother all testified about the Defendant's good upbringing, and about how the instant crimes were completely anomalous behavior. They testified about the Defendant's remorse and their belief that he would never depart from the straight and narrow again. The Defendant cooperated with the police after his arrest and confessed his participation in the crimes. The trial court specifically found that the Defendant had some potential for rehabilitation.

When the trial court asked for argument on consecutive sentencing, the State contended that the Defendant qualified for such as a "dangerous offender." See Tenn. Code Ann. § 40-35-115(b)(4). Although not specifically labeling the Defendant as a "dangerous offender," the trial court apparently determined that the Defendant met the requirements of that definition, finding as follows:

> Here is a case where they went on a spree, and as I said earlier, if it had been just a one-time event, or even two, but they committed two in this county. I don't know how many convictions they had in Dickson County but it was the same thing. They've got them, indicated to me, in other counties. I'm not giving much weight to that except for I know they've been convicted also in Dickson County for two [sic]. If you get what's before me now, I've got three armed robberies, two in this county and one in Dickson County.

> The sentencing should be necessary to protect the public against any further conduct by these defendants or anybody else so inclined. I'm going to order these two sentences here to run concurrently but consecutive with the Dickson County sentence. The reason I've done that is it's just such a series of events and I think consecutive sentencing in this case . . . reasonably relates to the offense to which [the defendant] stand[s] convicted.

> Considering all the circumstances, an extended sentence is necessary to protect the public against f[u]rther criminal conduct of the defendant and that the consecutive sentences must reasonably relate to the seriousness of the offense committed, and I think it does. Armed robbery is a serious offense.

> Now let's talk about deterrence for a minute. As I said earlier, if you take three armed robberies and you run them all concurrently, what does that tell the public out here? Judge Martin said in a case he had if you get five you get four free if you do them all at the same time or all closely related together. That just don't [sic] make sense.

-2-

So for that reason I'm going to run these sentences concurrently but consecutive to the Dickson County sentence.

It is the trial court's decision to run the Defendant's instant sentences consecutively to the Dickson County sentence that the Defendant now appeals.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Brewer, 875 S.W.2d 298, 302 (Tenn. Crim. App. 1993); State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988).

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Pike, 978 S.W.2d 904, 926-27 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

Consecutive sentencing is governed by Tennessee Code Annotated section 40-35-115. A trial court may order sentences to run consecutively if it finds that one or more of the statutory criteria enumerated therein exists by a preponderance of the evidence. See State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995). One of those criteria is that the defendant is a "dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high." Tenn. Code Ann. § 40-35-115(b)(4). To impose consecutive sentences on the basis that the defendant is a dangerous offender, the trial court must also find that consecutive sentencing is reasonably related to the severity of the offenses, and necessary to protect the public from further criminal conduct by the defendant. See State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995). Moreover, no matter which basis the trial court relies upon in imposing consecutive sentences, the actual length of the sentence must be "justly deserved in relation to the seriousness of the offense" and "no greater than that deserved for the offense committed." See Tenn. Code Ann. §§ 40-35-102(1), -103(2); State v. Lane, 3 S.W.3d 456, 460 (Tenn. 1999).

Although the trial court did not expressly label the Defendant a "dangerous offender," the record supports the trial court's obvious finding that the Defendant satisfies that definition: his participation in the instant two armed robberies is "behavior indicat[ing] little or no regard for human life," and, likewise, the Defendant, by participating, showed "no hesitation about committing a crime in which the risk to human life is high." Tenn. Code Ann. § 40-35-115(b)(4). Armed robbery always presents the very real danger that someone will be shot and killed. As the trial judge observed, it is a very serious crime, against which little protection is possible, and those who commit armed robberies upon innocent merchants are, almost by definition, "dangerous offenders."

Furthermore, the record supports the trial court's findings that the effective seventeen-year sentence is reasonably related to the severity of the offenses, and necessary to protect the public from further criminal conduct by the Defendant. The instant offenses were but two in a spree that posed a very real danger to numerous retailers throughout the area. The spree did not conclude until the Defendant and his cohorts were arrested. The record therefore supports the trial court's determination that a significant sentence was necessary to protect the public from further armed robberies by this Defendant.

Because the record shows that the trial court considered the sentencing principles and all relevant facts and circumstances, the sentencing determinations made by the trial court are presumptively correct. Based on our review of the record, we find no error or abuse of discretion warranting reversal or modification of the trial court's sentencing order. Accordingly, the judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

-4-